IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

FILED
NOV 14 2022
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ___AA___ DEP CLK

Civil Action No. 5:22-cv-00400-BO-JR

CLINTON STRANGE,
*Plaintiff*,

v.

KRAUSE AND KINSMAN, DC LLP, et al.,
*Defendants*.
_____/

Terrence W. Boyle,
U.S. District Court Judge

Robert B. Jones, Jr.,
U.S. Magistrate Judge

## PLAINTIFF's OPPOSED MOTION FOR JURISDICTIONAL DISCOVERY & INCORPORATED MEMORANDUM OF LAW IN SUPPORT

### Preliminary Statements

The *pro se* Plaintiff Clinton Strange ("PLAINTIFF") appears before this Honorable Court and files the within Motion responsive to Defendant KRAUSE AND KINSMAN, DC LLP's, herein ("KRAUSE & KINSMAN"), Motion to Dismiss and accompanying Memorandum (Rec. Doc. Nos. 8 and 9).

The body of this Motion will outline the Plaintiff's arguments why the Court should grant the Plaintiff [h]is Specific Relief Sought, and why the Court could alternatively *Sua Sponte* administratively (or outright) deny the relief sought by Defendant Krause & Kinsman.

### The Court Has Concurrent Jurisdiction Under [a] Federal Question & Supplemental Matters

This Court has *Concurrent* Federal Question Jurisdiction (over the Plaintiff's allegations of violations arising under 47 U.S.C. § 227(c)(5). See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373, 132 S.Ct. 740, 181 L.Ed.2d 881 (2012). This Court also has the authority to exercise (in its discretion) *Supplemental* Jurisdiction over some or all [o]f the Plaintiff's State Law Claims. *See* 28 U.S. Code 1367 (*See* also Rec. Doc. No. 1 at ¶ 7).

Despite the contentions of Defendant Krause & Kinsman, Plaintiff has sufficiently pled that both the spam email/s, and the Robotexts and autodialed calls were placed and or initiated by Krause & Kinsman's agents, servants and or employees. The harm and injuries (suffered by Plaintiff) were fairly traceable to Defendant Krause & Kinsman. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

<u>The Hurdle Plaintiff Must Overcome -- Specific Personal Jurisdiction</u>

Whether or not the Court deems Plaintiff's allegations as true relative to whether or not he (Plaintiff) was contacted by a Krause & Kinsman agent on September 25, 2022 at 7:05pm CST from a Greenville, NC based agent in the Eastern District of North Carolina (that Plaintiff alleges stated that [she stated] the call-center was in Greenville) ; it is noteworthy that Plaintiff did not file his action in the *Southern* Division of the North Carolina Federal District Court (Wilmington, NC) , but rather the *Eastern* Division (at Greenville, NC).

The only human (person-to-person interaction) with a Krause & Kinsman representative alleged by Plaintiff was with a Caucasian sounding Doe Female (Jane Doe) on Sept. 25, 2022 at 7:05pm CST that *allegedly* stated she was in Greenville, NC. at a Krause & Kinsman Office/ Call Center.

The specific [proposed] performance under a contingency-fee based contract could *only* occur in this U.S. District. The purpose of the *alleged* Spam Email/s and *alleged* Robotexts and autodialed calls were to induce a contract for legal services in which the performance could *only* occur in this U.S. District pursuant to the plain wording of the Camp Lejeune Justice Act of 2022. See https://www.nced.uscourts.gov/judges/boyle.aspx - - page last visited Oct. 29, 2022

The continuous and systemic contacts test regarding the offer for legal services (via unsolicited contacts to Plaintiff via electronic mail / Robotexts and Calls) render Defendant Krause & Kinsman's arguments regarding [t]he lack of Specific Personal Jurisdiction incongruent at best (and *nonsensical* at-the-worst). On the one hand Krause & Kinsman argues that it is essentially conducting no activity in this U.S. District that would subject it to [t]he Specific Personal Jurisdiction of this Court, while at the same time offering *en-masse* contracts for legal services which can *only* be performed in this *specific* U.S. District Court.

Further, the North Carolina long-arm statute, in pertinent part, allows a court to exercise personal jurisdiction over claims arising *outside* the State against a party who, at the time of service, "is engaged in substantial activity within this State." G.S. §1-75.4(1)(d). Jurisdictional Discovery will afford the Plaintiff an opportunity to discover admissible evidence that would prove that Defendant Krause & Kinsman is engaged in continuous and systematic activity (regarding Camp Lejeune Justice Act – claim intake/ litigation activity) that would render them subject to the Personal Jurisdiction of this Court.

Persuasive & Binding Authority Regarding Specific Personal Jurisdictional Discovery

Lower U.S. District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. See *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 2003).

Where the issue of personal jurisdiction is disputed, the Court may order discovery directed at jurisdictional issues alone. See, e.g., *SAS Inst. Inc. v. World Programming Ltd.*, No. 5:10-CV-25-FL, 2011 WL 1059139, *5-7 (E.D.N.C. Mar. 18, 2011) (allowing jurisdictional discovery and noting that such discovery typically should be allowed "unless plaintiff's claim appears to be clearly frivolous") (quoting *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988)

(allowing jurisdictional discovery) and citing J. MOORE, J. LUCAS & G. GROTHER,

MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987)); *Howard Acquisitions, LLC v.

Giannasca New Orleans, LLC,* No. CIV. WDQ-09-2651, 2010 WL 889551, at *7 (D. Md. Mar.

5, 2010) (allowing jurisdictional discovery).

<u>The Specific Relief and or Alternative Relief Sought</u>

WHEREFORE, Plaintiff respectfully prays that the Court would GRANT Plaintiff relief by ordering specific jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure to cover the specific topics as below:

- What was the geographic location of the agent/s who on Sept. 25, 2022, at 7:05pm CST spoke with Plaintiff via phone, or communicated via text?
- Written Contract / Employment Agreement with said person or entity as above.
- What was the specific geographic location of the digital marketing agent who transmitted on July 21, 2022, [t]he spam email [See Exhibit A] (Rec Doc. 1.2)?
- Written Contract, Employment Agreement with said person or entity as above.
- Who is the registered enduser of the website <https://www.camplejeunesuit.org> ?
- Production of Documents indicating Lawful & Affirmative Written or Oral Consent to place and or initiate automated solicitation calls, texts, email to Plaintiff's Electronic / Mobile Devices / accounts between Q3 – Q4 of 2022.

The alternative relief that Plaintiff could pray for (aside from that which the Court should enter *Sua Sponte*) is that the Court should Administratively Deny the Defendant Krause & Kinsman's Rule 12(b)(6) and 12(b)(7) Motions to Dismiss and immediately enter a Scheduling Order under Fed. R. Civ. P. 26(f).

Respectfully Submitted,

X _____            11-7-2022
Clinton Strange                              Dated
*Pro Se*
7021 Winburn Drive
Greenwood, LA 71033
(318) 780-8890
StrangeC982@gmail.com

## CERTIFICATE OF COMPLIANCE AND SERVICE:

### Compliance

I , the undersigned , hereby certify that:

I transmitted a (Draft Copy) copy of the within (PLAINTIFF's OPPOSED MOTION FOR JURISDICTIONAL DISCOVERY & INCORPORATED MEMORANDUM OF LAW IN SUPPORT) via electronic mail on October 28th, 2022 to Inez@deondarzasimmons.com – via electronic mail pursuant to F. R. Civ. P 37 and NC ED LR 37

No position opposing/ non-opposing was transmitted to me in response / reply has been served on me as of November 6, 2022.

### Service

Parties who have registered to receive electronic filing of documents regarding this action will receive a copy / electronic notification via ECM/CF in regard to *this specific* Court filing once docketed by the Clerk of Court.

~~~FURTHER~~~

In accordance with Amended NC ED LR 5.1 via 2018 amendments to the Fed. R. Civ. P. 5 and NC ED's Standing Order 18-SO-5 concerning electronic service of documents filed by unrepresented litigants, I hereby certify that I served a copy of the within and foregoing (PLAINTIFF's OPPOSED MOTION FOR JURISDICTIONAL DISCOVERY & INCORPORATED MEMORANDUM OF LAW IN SUPPORT) on Opposing Counsel for Defendant/s appearing via electronic mail as below via electronic mail:

Inez de Ondarza Simmons, Esq.
de Ondarza Simmons, PLLC
4030 Wake Forest Road
Suite 319
Raleigh, North Carolina 27603
inez@deondarzasimmons.com
800-678-9440 (Toll-Free)
(*Counsel For Defendant Krause & Kinsman, DC LLP*)

X _____        11-7-2022
   Clinton Strange                       Dated