IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-400-BO-RJ

| | |
|---|---|
| CLINTON STRANGE, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )    ORDER <br> ) |
| KRAUS AND KINSMAN, DC LLP; <br> and DOES NO. 1-5, <br>     Defendants. | ) <br> ) <br> ) <br> ) |

This cause comes before the Court on plaintiff's motion to transfer venue and for extension of time to serve the Doe defendants. Plaintiff initiated this action *pro se* by filing a complaint on October 3, 2022, alleging claims for violations of, *inter alia*, the Telephone Consumer Protection Act of 1991.

Defendant Kraus and Kinsman, DC LLP moved to dismiss plaintiff's complaint. Plaintiff and Kraus and Kinsman subsequently stipulated to the dismissal of plaintiff's claims against Krause and Kinsman pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Accordingly, only the Doe defendants remain in this action.

Plaintiff seeks a transfer of this case to the United States District Court for the District of Wyoming. Plaintiff does not explain why a transfer is warranted and this request is denied. Plaintiff also seeks additional time within which to serve the Doe defendants. Rule 4 of the Federal Rules of Civil Procedure provides that proper service must be effected on a defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). If proper service is not made within ninety days, the court must dismiss the action without prejudice after notice to the plaintiff or order that service be made within a specified time. *Id.* If the plaintiff has shown good cause, however, the court must extend the time for a reasonable period. *Id.* Good cause for

failure to comply with Rule 4 generally is determined on a case-by-case basis and is within this Court's discretion. *Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016).

The Rules permit plaintiffs to name John or Jane Does as defendants. However, the plaintiff must nonetheless identify and serve a Doe defendant within the time provided by Fed. R. Civ. P. 4(m). While *pro se* status does not constitute good cause for failure to effect service within the time provided by Rule 4(m), *George v. Michalek*, No. 3:19CV155, 2022 WL 837485, at *1 (E.D. Va. Mar. 21, 2022), the Court will permit plaintiff a brief additional period within which to identify and serve the Doe defendants. Failure to comply with this extension will result in the dismissal of plaintiff's claims against the Doe defendants without prejudice.

Accordingly, plaintiff's motion [DE 14] is GRANTED IN PART and DENIED IN PART. Plaintiff's request to transfer this action to the District of Wyoming is DENIED. Plaintiff is GRANTED an extension of time within which to serve the Doe defendants, through and including March 3, 2023. Not later than March 10, 2023, plaintiff must file proof of service as to each Doe defendant. Failure to comply with this order will result in the dismissal of this action against any unserved Doe defendant without prejudice.

SO ORDERED, this __6__ day of February 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE